## Brewer, Treasurer, v. Brasted et al., School Directors, and Wells Township School District.

*Lilley & Wilson,* for plaintiff; *Rodney A. Mercur,* for defendants.

CULVER, P. J., Feb. 6, 1928.—This is a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. The plaintiff is

treasurer of the School District of Wells Township and the defendants are the acting members of the school board of the same school district, and the same district. The petition, after referring in paragraph three (3) to the proceedings in the Court of Common Pleas of this county to No. 182, December Term, 1927, wherein this court found two vacancies existed in the membership of the school board of said district and appointed Glen Noble to fill the vacancy caused by the resignation of S. J. Young for the term expiring Dec. 1, 1927, and at the same time appointed Henry Terwilliger to fill the vacancy caused by the resignation of Levi E. Coke for the term expiring Dec. 1, 1931, further alleges that on Dec. 3, 1927 (which was after the expiration of the appointed term of Glen Noble and the beginning of the term for which he was elected at the November, 1927, election), an appeal was taken from the decree of this court in making said appointments to the Superior Court of Pennsylvania, which appeal is returnable the third Monday of November, 1928, and is still pending.

The petition further alleges that since the appeal was taken to the Superior Court, the school board of the School District of Wells Township has reorganized with the said two persons as members and has entered into contracts whereby the said school district has acquired, or is about to acquire, title to a piece of property in Wells Township and commence the erection of a school building thereon, further averring that the said school board so constituted has or is about to issue orders directing petitioner (the treasurer of said district) to pay the costs of said land and buildings to be constructed thereon and expenses incidental thereto out of the funds of the School District of Wells Township. And further averring that the said school board as at present organized is illegal and its acts void and that the acts of the said board of school directors in arranging to take title to the said plot of ground is illegal, for the reason that the said board is not a legal body having authority to bind the school district, it also complains that the lot of ground selected by the board of school directors for a school building is not a suitable place.

The petitioner further avers he is advised and believes that should he pay from the funds of the said school district the expenses referred to, with knowledge of the illegality, he would become personally responsible therefor and asks a declaratory decree of the court to advise and direct him as to his duty in the premises and specifically whether or not he shall pay from the funds of the school district in his hands, on orders drawn by the said board so constituted, the costs and expenses incident to the construction of the said school building.

The respondents admit paragraphs 1, 2, 3, 4 and 6 of the petition and admit a portion of paragraph 5, but aver that in the reorganization of the board of directors by said school district, Glen Noble holds his seat therein by reason of his election at the November election, 1927, for the full period or term of six years, and contend that the said school board as at present organized is a legal body and that all its acts, when done or performed by a majority vote of its entire membership, are legal and valid.

Respondents' answer further avers that the said board of directors as at present constituted is a legal body, having full and complete authority to bind the school district at any regular or special meeting of its said board, when it acts in a legal way, and that the said school district has purchased a lot of land as alleged by petitioner, and that it has entered into a contract with A. K. Sambrook, of Troy Borough, for the erection of a new school building

thereon, and that the said Sambrook, pursuant to said contract, has commenced the erection of the said building, which is not yet completed.

Respondents further deny petitioner's allegation that the lot of ground selected and upon which the new school building is being erected is not a suitable place for use and for all necessary purposes, and aver, to the contrary, that it is suitable and that its purchase has been expressly approved by Andrew J. Morrow, County Superintendent of Public Schools for the County of Bradford.

We believe we might well dismiss this petition for the reason that it does not allege that any order has been issued by the school board or presented to the treasurer for payment, but at the argument it was orally admitted that since the issuing of this petition an order has been issued by said school board and presented to the petitioner for payment and petitioner has refused to pay the same; therefore, we will consider the petition as amended in this respect.

We gather from the petition and the contentions made at the oral argument that petitioner bases his contention that the school board as now organized is illegal upon the contention that the appointments made by this court to fill the vacancies hereinbefore referred to were illegal and that the said appointees are not school directors of said district. One of said appointments, to wit, that of Glen Noble, was to fill the term expiring Dec. 1, 1927, and since that time he has acted, not by virtue of the appointment, but by virtue of his election at the last municipal election. If we understand the purport of this petition correctly, it raises the identical question that the court heretofore passed upon in making the appointments referred to in the petition, from which decree an appeal is now pending in the Superior Court. If such be its purport, we believe the validities of those appointments must now be determined by the Superior Court and not by this court after the record has been removed by a *certiorari* to the Superior Court. We are further of opinion that the petitioner has an adequate remedy at law independent of the Uniform Declaratory Judgments Act referred to. Moreover, this petition asks the court to determine the validity of orders that may issue in the future and before their issuance. We doubt our power to make such a decree, for the validity of orders that may issue by this school board in the future may be affected by other considerations and other facts than the legality of the constitution of the board, which there is no possible way now of determining.

We are further of opinion that the petition cannot be sustained, for the reason that all to be affected by the decree asked for are not parties to the proceeding and have not been heard. The petition alleges that the act of this school board in purchasing the lot of land is illegal, and it further avers that the contracts entered into by this school board for the construction of a school building, for the payment of which the orders now complained of will presumably be given, are illegal. If we should decide in this proceeding that our previous decision was wrong, and that the director or directors by this court then appointed were not legally appointed and are not members of the school board, and that the school board as at present is not a legal body and that its acts in entering into the contracts of purchase of land and construction of a school building are illegal, as the petitioner contends, the effect of such decision would be to declare illegal and invalid the contracts referred to, and that the contracting parties were not entitled to be paid by the school district, and all this would be done to the prejudice of said contracting parties without their being a party to this litigation or having any opportunity

to be heard. We, therefore, believe that the language of Chief Justice von Moschzisker in Kariher's Petition, 284 Pa. 455, 471, is controlling. Chief Justice von Moschzisker there said: "Before closing our consideration of the branch of the case now under discussion, it may be well to state that, in all jurisdictions where declaratory judgment practice obtains, the rule is established that it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case (Dyson v. Attorney-General (1911), 1 K. B. 410, 417; Braman v. Babcock, 98 Conn. 549, 120 Atl. Repr. 150; section 6 of the act); that a proceeding to obtain such a judgment will not be entertained where the court lacks jurisdiction of the subject-matter involved (British South Africa Co. v. Companhia de Mocambique (1892), 2 Q. B. 358), or where another statutory remedy has been specially provided for the character of case in hand (Barraclough v. Brown (1897), A. C. 615; Bull v. Attorney-General (1916), 2 A. C. 564); and that jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between parties, *all of whom are sui juris and before the court*, and that the declaration sought will be a practical help in ending the controversy: Lewis v. Green (1905), 2 Ch. 340; State v. Board of Commissioners, 117 Kan. 151, 230 Pac. Repr. 531; Axton v. Goodman, 265 S. W. Repr. (Ky) 806; Ezzell v. Exall, 269 S. W. Repr (Ky.) 752. Moreover, in a declaratory judgment proceeding, the court will not decide future rights in anticipation of an event which may not happen, but, just as in the ordinary executory action, it will wait until the event actually takes place, unless special circumstances appear which warrant an immediate decision, as, for instance, where present rights depend on the declaration sought by plaintiff; and even then such rights will not be determined unless all parties concerned in their adjudication are present and ready to proceed with the case (see section 11 of the act), so that the judgment rendered will make the issues involved *res judicata* in the full sense of that term: In re Staples (1916), 1 Ch. 322; Norton v. Moren, 267 S. W. Repr. (Ky.) 171; Ackerman v. Union and New Haven Trust Co., 91 Conn. 500, 100 Atl. Repr. 22."

The above language: "And that jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy, or the ripening seeds of one, exists between parties, *all of whom are sui juris and before the court*, and that the declaration sought will be a practical help in ending the controversy: . . . and even then such rights will not be determined *unless all parties concerned in their adjudication are present* and ready to proceed with the case, so that the judgment rendered will make the issues involved *res judicata* in the full sense of that term."

Respondents filed an answer, answering the petition and also raising questions of law that the proceedings cannot be maintained. We are of opinion that this contention must be sustained. All parties that would be affected by our action, if the validity of the contracts referred to is to be passed upon, are not in court, and the matter, when passed upon, would not be *res judicata* as to them. Moreover, the legality or illegality of the appointments in the other proceeding made are now in the Superior Court and will be therein determined more expeditiously than can be in this proceeding should it likewise be appealed to the Superior Court.

And now, to wit, Feb. 6, 1928, after due consideration, the petition is dismissed, at the cost of the petitioner.

NOTE.—See Wells Township School Directors, 10 D. & C. 443.